UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CATHERINE M. WILLIAMS,

    Plaintiff,

    v.

CAROLYN W. COLVIN, [1] Acting
Commissioner of Social Security
Administration,

    Defendant.

No.  CV-11-0113-RHW

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16, 21. Maureen J. Rosette represents Plaintiff Catherine M. Williams. Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Kathryn A. Miller represent the Defendant Commissioner of Social Security (the "Commissioner"). Plaintiff brings this action seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision, which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). After reviewing the administrative record and briefs filed by the parties, the Court

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 1**

is now fully informed. For the reasons set forth below, the Court **grants** Plaintiff's Motion for Summary judgment, and directs entry of judgment in favor of Plaintiff.

## I.    Jurisdiction

On November 22, 2007, Plaintiff filed an application for DIB and SSI, alleging disability beginning on August 11, 2005. Tr. 156-164 (DIB), 165-168 (SSI). After benefits were denied initially on March 25, 2008, and upon reconsideration on May 13, 2008, Plaintiff requested a hearing before an administrative law judge (hereafter "ALJ"). Tr. 85-88, 91-95. Plaintiff appeared with counsel and testified at a hearing held December 7, 2009, in Spokane, Washington. Tr. 32-66. ALJ, R.J. Payne, presided over the hearing. Tr. 32. In addition, Margaret Moore, Ph.D., an impartial medical expert testified regarding Plaintiff's mental limitations. Tr. 37-44. The ALJ issued a decision denying benefits on January 8, 2010. Tr. 13-29. Thereafter, the Appeals Council denied review on March 9, 2011, which made the ALJ's decision the Commissioner's final decision and subject to judicial review. Tr. 1-5. Thus, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g)

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 2**

1       The Commissioner established a five-step sequential evaluation process for

2   determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920;

3   *Lounsburry v. Barnhart,* 468 F.3d 1111, 114 (9th Cir. 2006).

4       **Step 1:** Is the claimant engaged in substantial gainful activities? 20 C.F.R.

5   §§ 404.1520(b), 416.920(b).  Substantial gainful activity is work done for pay and

6   requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574,

7   416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is

8   engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571,

9   416.920(b). If she is not, the ALJ proceeds to step two.

10      **Step 2:** Does the claimant have a medically-severe impairment or

11  combination of impairments?  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the

12  claimant does not have a severe impairment or combination of impairments, the

13  disability claim is denied. A severe impairment is one that lasted or must be

14  expected to last for at least 12 months and must be proven through objective

15  medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09.  If the impairment is

16  severe, the evaluation proceeds to the third step.

17      **Step 3:** Does the claimant's impairment meet or equal one of the listed

18  impairments acknowledged by the Commissioner to be so severe as to preclude

19  substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

20  § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of

21  the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If

22  the impairment is not one conclusively presumed to be disabling, the evaluation

23  proceeds to the fourth step.

24      **Step 4:** Does the impairment prevent the claimant from performing work she

25  has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is

26  able to perform her previous work, she is not disabled.  *Id.*  If the claimant cannot

27  perform this work, the ALJ proceeds to the fifth and final step.

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 3**

**Step 5:** Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof at steps one through four as detailed above. *Molina v. Astrue,* 674 F.3d at 1104, 1111 (9th Cir. 2012); *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (citation omitted). In determining whether this standard has been satisfied, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 4**

1  inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Further, a

2  district court "may not reverse an ALJ's decision on account of an error that is

3  harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's]

4  ultimate nondisability determination." *Id*. at 1115 (internal citation omitted). The

5  party appealing the ALJ's decision generally bears the burden of establishing that it

6  was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.   Statement of Facts

8  The facts of the case are set forth in detail in the transcript of proceedings,

9  and only briefly summarized here. Plaintiff was born on July 22, 1974, and was 31

10  years-old as of her alleged onset date of disability. Tr. 158. At the hearing, Plaintiff

11  testified she was divorced and had two children ages 8 and 15 months. Tr. 44-45.

12  Plaintiff graduated from high school and currently resides in Spokane,

13  Washington. She then attended college at Spokane Falls Community College, but

14  eventually dropped out in 2007, one semester short of completing her degree in

15  fine arts. Tr. 45. Plaintiff alleges she is unable to work due to pain and numbness in

16  her wrists and hands. Tr. 52. In March of 2003, Plaintiff underwent surgery for

17  carpal tunnel syndrome on both hands. Tr. 385-86, 387-88. Thereafter, the pain in

18  her hands worsened. Tr. 62. Plaintiff also alleges mental disability due to

19  depression and inability to get along with others. Tr. 58.

20  Plaintiff's past relevant work includes: in-home caregiver, green house

21  worker, auto detailer, and service worker in several fast food restaurants. Tr. 47-49.

22  Most recently, Plaintiff worked at SpokAnimal Humane Society as an animal

23  intake worker for approximately one year and three months. Tr. 46. In August of

24  2005, Plaintiff stopped working due to issues with her hands and verbal harassment

25  from other employees. Tr. 46.

26  ///

27  ///

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 5**

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act, and denied her application for DIB and SSI, protectively filed on November 22, 2007. *See* ALJ's Decision, Jan. 8, 2010, Tr. 16-29.

**At step one**, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 11, 2005, her alleged onset date. Tr. 18.

**At Step two**, the ALJ found Plaintiff had the following severe impairments: history of carpel tunnel syndrome, undifferentiated somatoform disorder (which is a preoccupation with physical complaints), adjustment disorder with depressed mood, and a personality disorder with borderline features. Tr. 18 (citing 20 C.F.R. §§ 404.1520(c), and 416.920(c)).

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (the "Listings'). Tr. 21.

**At Step four**, the ALJ found that Plaintiff had the residual functional capacity to perform work at all exertional levels, and incorporated the following moderate non-exertional mental limitations found by Dr. Moore:  work in coordination with or proximity to others without being distracted by them; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and, to get along with co-workers or peers without distracting them or displaying behavioral extremes. Tr. 21 (citing and incorporating Dr. Moore's findings in Tr. 791-93).

The ALJ then found that Plaintiff could perform her past relevant work activities as an in-home caregiver, green house worker, auto detailer, and, perhaps, humane society animal worker. Tr. 23. A finding that a Plaintiff can perform previous work generally ends the inquiry as to whether a Plaintiff is disabled. 20

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 6**

C.F.R. §§ 404.1520(e), 416.920(e).  However, here, the ALJ proceeded to step five of the evaluation process and made an alternative finding. Tr. 23.

**At step five,** the ALJ made the following alternative finding that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of existing jobs in the national economy, after consulting section 204.00 in the Medical-Vocational Guidelines ("Grids"). Tr. 23.

As a result of these findings, the ALJ concluded that Plaintiff was not disabled under the meaning of the Act from August 11, 2005, her alleged onset date, through January 8, 2010, the date of the ALJ's decision. Tr. 24.

## VI.    Issues for Review

Plaintiff argues that she is more limited from a psychological and physical standpoint than was determined by the ALJ. ECF No. 17 at 13-19. Specifically, Plaintiff alleges the ALJ failed to properly evaluate the medical opinion testimony regarding her mental and physical limitations, and challenges the ALJ's residual functional capacity assessments. *Id.* Plaintiff also contends the ALJ erred when he failed to call a vocational expert ("VE") to testify regarding whether she was capable of performing past relevant work or other work based on her non-exertional limitations. *Id.* at 13. Defendant contends the ALJ properly evaluated the medical and psychological evidence and the ALJ was not required to have a vocational expert testify. ECF No. 22 at 7-19.

## VII.    Discussion

**A.    The ALJ Properly Evaluated Plaintiff's Mental Impairments**

**1.    Legal Standard – Medical Opinion Evidence**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 7**

1  ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the

2  ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Sec. Admin.*,

3  169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the

4  medical evidence "are material (or are in fact inconsistencies at all) and whether

5  certain factors are relevant to discount" the opinions of medical experts "falls

6  within this responsibility." *Id.* at 603.

7        In resolving questions of credibility and conflicts in the evidence, an ALJ's

8  findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at

9  725. The ALJ can do this "by setting out a detailed and thorough summary of the

10  facts and conflicting clinical evidence, stating his interpretation thereof, and

11  making findings." *Id.* The ALJ also may draw inferences "logically flowing from

12  the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw

13  "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*,

14  881 F.2d 747, 755, (9th Cir. 1989).

15        In evaluating medical or psychological evidence, a treating or examining

16  physician's opinion is entitled to more weight than that of a non-examining

17  physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v.

18  Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's

19  opinions are not contradicted, they can be rejected only with "clear" and

20  "convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only

21  be rejected for "specific" and "legitimate" reasons that are supported by substantial

22  evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

23  An ALJ can satisfy this burden by setting out a detailed and thorough summary of

24  the facts and conflicting clinical evidence, stating her interpretation thereof, and

25  making findings. *Tommasetti v. Astrue*, 533 F.2d 1035, 1041 (9th Cir. 2008).

26  ///

27  ///

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 8**

1    **2.    Dr. Dalley's Evaluations**

2    Plaintiff argues the ALJ did not provide any reasons for rejecting the

3    opinions of evaluators Abigail Osborne-Elmer and Sean Caldwell, who assessed

4    Plaintiff with "several moderate and marked work-related limitations," while

5    working under the supervision of psychologist Mahlon Dalley, Ph.D. ECF No. 17

6    at 13-15.

7    Defendant responds the ALJ did not reject, but implicitly accepted the

8    opinions of Dr. Dalley's group, as they were consistent with the opinion of non-

9    examining psychologist, Margaret Moore, Ph.D., who opined that Plaintiff had

10   moderate limitations in regard to social functioning. *See* Tr. 792-93. In the

11   alternative, Defendant argues that any error on the part of the ALJ in not

12   sufficiently articulating a reason to reject Dr. Dalley's opinions was harmless, as

13   the reports opine that any mental impairment limitations were expected to last no

14   more than six months, which falls short of the twelve-month durational

15   requirement set out in the regulations. ECF No. 22 at 13-15.

16   Plaintiff was examined under the supervision of Dr. Dalley, on October 23,

17   2006, April 19, 2007, and October 1, 2007. Tr. 438-447, 509-517, 518-526. During

18   the initial examination conducted by Abigail Osborne-Elmer, M.S., LMHC,

19   Plaintiff was diagnosed with Undifferentiated Somatoform Disorder; Adjustment

20   Disorder with Depressed Mood; and, Personality Disorder NOS ("not otherwise

21   specified") with Borderline Features. Tr. 439, 445. Dr. Dalley's group

22   administered a mini mental status exam, Trails A & B, and the MMPI-2

23   ("Minnesota Multiphasic Personality Inventory – 2"). Tr. 443.

24   In the area of social functioning Plaintiff was found to be moderately limited

25   in her ability to relate appropriately to co-workers and supervisors, and the general

26   public. Tr. 440. Dr. Dalley also assessed Plaintiff marked limitations in her ability

27   to respond appropriately to and tolerate the pressures and expectations of a normal

28   **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 9**

1    work setting. *Id.* However, Dr. Dalley ultimately concluded the severity of

2    Plaintiff's psychological limitations were not disabling, as she was attending

3    school and working and that "her barrier to employment at this time appears to be

4    physical in nature." Tr. 445.

5         Ms. Osborne-Elmer, again under the supervision of Dr. Dalley, evaluated

6    Plaintiff a second time on April 19, 2007. Tr. 509-517. Plaintiff was diagnosed

7    with Undifferentiated Somatoform Disorder; Major Depressive Disorder Single

8    Episode, Moderate; and, Personality Disorder NOS ("not otherwise specified")

9    with Borderline Features. Tr. 510, 515. Dr. Dalley's group administered a mini

10   mental status exam, Trails A & B, and the MMPI-2. Tr. 514.

11        Dr. Dalley found moderate limitations regarding Plaintiff's social

12   functioning including:  the ability to exercise judgment and make decisions, ability

13   to relate appropriately to co-workers, ability to respond to work pressure, and to

14   maintain appropriate behavior. Tr. 511. Further, Dr. Dalley noted marked

15   limitations with respect to Plaintiff's ability to interact appropriately with the

16   general public. *Id.* However, Dr. Dalley concluded that Plaintiff would be able to

17   return to work once her symptoms stabilized, and estimated the length of time of

18   the impairment to be three to six months. Tr. 512, 516. Dr. Dalley also noted that

19   Plaintiff "would benefit from a position with minimal contact with others" in the

20   narrative report. Tr. 516.

21        On October 1, 2007, Plaintiff was examined during a third and final

22   evaluation by Sean Caldwell, B.A., M.S. Candidate, under the supervision of Dr.

23   Dalley. Tr. 518-26. Plaintiff was diagnosed with Undifferentiated Somatoform

24   Disorder; Major Depressive Disorder Recurrent, Moderate; and, Borderline

25   Personality Disorder. Tr. 519, 525. Plaintiff was also assessed a GAF [2] score of 50.

26

27   [2] A Global Assessment of Functioning ("GAF") score is the clinician's judgment of
     the individual's overall level of functioning. It is rated with respect only to

28   **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
     DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 10**

1  Tr. 525. Dr. Dalley's evaluator administered the mini mental status exam, Trails A

2  & B, and the MMPI-2. Tr. 523.

3      Dr. Dalley again rated Plaintiff's social functioning and found that Plaintiff

4  was moderately limited in regard to her ability to exercise judgment and make

5  decisions, ability to relate appropriately to co-workers and supervisors, and her

6  ability to care for self. Tr. 520. Dr. Dalley assessed marked limitations with respect

7  to Plaintiff's ability to relate appropriately to the public, ability to respond to work

8  pressure, and to maintain appropriate behavior. Tr. 520. Dr. Dalley found no

9  evidence of malingering, and found Plaintiff's assessments and results to be

10  accurate regarding her depression and physical complaints. Tr. 525. Dr. Dalley also

11  opined that the "feature of [Plaintiff's] somatic, mood, and personality disorders

12  will likely affect her ability to tolerate the social expectations and pressures of a

13  normal work environment." *Id.* As a result of her unresolved physical limitations,

14  Dr. Dalley concluded that Plaintiff would be impaired for a period of three to six

15  months. Tr. 521.

16      Here, Plaintiff is correct the ALJ erred in not articulating any reasons in

17  rejecting her examining psychologist Mahlon Dalley's evaluations. *See* Tr. 19.

18  Although the ALJ summarized Dr. Dalley's evaluations, he neither accepted, nor

19  rejected the opinions in question. In fact, the ALJ noted that although Plaintiff did

20  not "have a psychological disability that would prevent her from working . . .

21  features of her personality would likely affect social interactions in the work

22  environment [and] she would benefit from a position with minimal contact with

23  psychological, social, and occupational functioning, without regard to impairments
24  in functioning due to physical or environmental limitations. *See* American
    Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*
25  ("DSM-IV") at 32 (4th Ed. 2000). A GAF score of 41-50 indicates "[s]erious
26  symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting)
    OR any serious impairment in social, occupational, or school functioning (e.g., no
27  friends, unable to keep a job)." DSM-IV at 34.

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
    DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 11**

1   others." Tr. 19. Because the marked limitations found by Dr. Dalley's opinions in

2   regard to Plaintiff's social functioning were contradicted by non-examining

3   medical expert Margaret Moore [3], Ph.D., the ALJ failed to provide "specific" and

4   "legitimate" reasons based on substantial evidence in the record in rejecting Dr.

5   Dalley's opinions. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692

6   (9th Cir. 2009).

7         However, the Court agrees any error by the ALJ was harmless.

8   An error may be considered harmless where it "occurred during an unnecessary

9   exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant

10  to the determination of non-disability; or if the reviewing court can "confidently

11  conclude" that no reasonable ALJ could have reached a different disability

12  determination if erroneously disregarded testimony was credited. *Stout v. Comm'r,*

13  *Soc. Sec. Admin.,* 454 F.3d 1050, 1056 (9th Cir. 2006). Further, the Court agrees

14  with Defendant that because Dr. Dalley's opinions limited Plaintiff's psychological

15  limitations to no more than six months, they fall short of the twelve month

16  durational requirement set out in the regulations. 42 U.S.C. § 1382c(a)(3)(A); *see*

17  *also DeLorme v. Sullivan*, 924 F.2d 841, 846-47 (9th Cir. 1991) (noting the

18  claimant could not demonstrate a twelve-month period in the record during which

19  all the criteria in the Listing of Impairments were met). Thus, Dr. Dalley's

20  opinions, if credited, would not change the ALJ's ultimate finding that Plaintiff

21  was not disabled under the Act based on her mental limitations.

22       **3.    Dr. Chandler's Opinion**

23        Plaintiff next argues the ALJ failed set forth any reasons in rejecting the

24  opinion of her examining psychologist Samantha Chandler, Psy.D. ECF No. 17 at

26  [3] Dr. Moore found that Plaintiff was only moderately limited in the areas of social
27  functioning, including her ability to interact with the public, supervisors, co-
    workers, and to maintain socially appropriate behavior. Tr. 787, 792.

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
    DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 12**

1  17. Defendant responds that as with Dr. Dalley's opinions, the ALJ did not reject

2  Dr. Chandler's opinion, but implicitly accepted it. ECF No. 22 at 15.

3       Dr. Chandler completed a psychological evaluation of Plaintiff on February

4  29, 2008. Tr. 614-18. Dr. Chandler administered a mental status exam, Trails A &

5  B, and the Rey 15-Item Visual Memory Test, and the Burns Anxiety and

6  Depression Test. Tr. 617-18. Dr. Chandler diagnosed Plaintiff with Mood Disorder

7  NOS with possible histrionic personality features. Tr. 617. Plaintiff was also

8  assessed a GAF score of 60, indicative of only "moderate" symptoms. Dr.

9  Chandler found that Plaintiff's ability to maintain a job, interact with the public

10  and co-workers, and adapt to work place changes was limited by her tendency to

11  become irritated with people and be verbally abusive. Tr. 618. However, Dr.

12  Chandler did not find Plaintiff unable to work, nor did she rate the severity of

13  Plaintiff's mental limitations noted above.

14       The ALJ summarized Dr. Chandler's opinion, and noted Plaintiff's problems

15  with memory, concentration, and pace, and noted her tendency to verbal

16  aggression toward others and difficulties maintaining a job with the social

17  limitations assessed by Dr. Chandler. Tr. 19. In this case, although the ALJ did not

18  set forth any reasons for rejecting Dr. Chandler's opinion, the Court again finds the

19  error harmless, as Dr. Chandler did not find Plaintiff was unable to work, and the

20  mental limitations noted by Dr. Chandler were adequately captured by the ALJ's

21  assessment of Plaintiff's social functioning as "moderately limited." *See* Tr. 21.

22  Thus, because the error by the ALJ was harmless, the failure to specifically accept

23  or reject Dr. Chandler's opinion does not warrant a reversal of the ALJ's decision

24  on this basis.

25      **4.  Dr. Arnold's Opinion**

26       Plaintiff asserts the ALJ failed to provide specific and legitimate reasons in

27  rejecting the opinion of examining psychologist John Arnold, Ph.D. ECF No. 17 at

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 13**

1  17. Defendant responds the ALJ rejected Dr. Arnold's assessed limitations because

2  they were inconsistent with his narrative report. ECF No. 22.

3        On August 7, 2007, Dr. Arnold conducted a psychological assessment of

4  Plaintiff. Tr. 764-775. Plaintiff was diagnosed with Undifferentiated Somatoform

5  Disorder; Major Depressive Disorder, Recurrent, Moderate; Anxiety Disorder,

6  NOS (mild) and; Borderline Personality Disorder NOS with Depressive and

7  Schizoid Feature. Tr. 768. Dr. Arnold based these diagnoses on the following tests

8  administered and results: clinical interview, Personality Assessment Inventory,

9  Mental Status Exam, Millon Clinical Multi-Axial Inventory-III, MMPI-2, and his

10  review of the records. Tr. 764. Dr. Arnold assessed a GAF score of 55. Tr. 768. Dr.

11  Arnold judged his assessment of Plaintiff's current psychological functioning as

12  reasonably valid, but did note that her MMPI-2 profile was invalid, due to over-

13  reporting of her psychological problems. Tr. 766.

14        Dr. Arnold found Plaintiff had severe social limitations in her ability to

15  perform activities within a schedule, maintain regular attendance, and to complete

16  a normal workday without interruptions from psychologically based symptoms. Tr.

17  773. Dr. Arnold found Plaintiff markedly limited in her ability to understand and

18  carry out detailed instructions, ability to maintain attention and concentration for

19  extended periods, the ability to work with others without distractions, the ability to

20  accept instructions and interact with supervisors, and the ability to get along with

21  co-workers without distracting them or exhibiting behavioral extremes. Tr. 773.

22        The ALJ rejected those findings and, instead, found Dr. Arnold's report

23  inconsistent, as Plaintiff's reported activities of daily living showed she was not

24  significantly limited and was able to cook, clean, shop, drive, played a fantasy

25  game on the internet, and painted. Tr. 20. The ALJ then rejected the moderate and

26  marked limitations found by Dr. Arnold in favor of the moderate limitations found

27  by non-examining psychologist Dr. Moore. Tr. 20-21.

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
   DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 14**

The ALJ must give specific and legitimate reasons based on substantial evidence for rejecting the opinion of a treating or examining physician based, in part, on the testimony of a nonexamining medical advisor. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 752-53 (9th Cir. 1989).The Court is also aware "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 25 821, 831 (9th Cir. 1995); *see also Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1202 (9th Cir. 2008).

Here, the ALJ met his burden in rejecting Dr. Arnold's opinion, in favor of nonexamining psychologist Dr. Moore's opinion. The ALJ's stated reason was the inconsistency in the marked and severe limitations found by Dr. Arnold, contrasted with Plaintiff's reported daily living activities. The Court agrees with Defendant that testimony [4] from the Plaintiff that is inconsistent with the physician's opinion constitutes a specific and legitimate reason in adopting the opinion of the non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995). Furthermore, the ALJ's decision to find Plaintiff's social limitations as to her mental impairments as "moderately limited," are fully supported by the record evidence, including consistently "moderate" GAF scores and over-reporting of symptoms as noted by Dr. Arnold.

**B.      The ALJ Erred at Step Four in Assessing Plaintiff's RFC**

Plaintiff also argues she was more limited from a physical standpoint than determined by the ALJ. ECF No. 17 at 19. Defendant did not respond to this argument.

---

[4] Notably, Plaintiff does not challenge the ALJ's negative credibility assessment, making it a non-issue on appeal. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 15**

1    The ALJ determined that Plaintiff had the physical or exertional residual

2  functional capacity ("RFC") to perform work at all exertional levels, with the

3  *moderate* nonexertional mental/social functional limitations outline by Dr. Moore

4  above at [Tr. 791-93]. *See* Tr. 21-22. At step four, the ALJ then found that Plaintiff

5  was capable of performing her past relevant work activities as an in-home

6  caregiver, green house worker, auto detailer, and perhaps, even humane society

7  animal worker. Tr. 23.

8    Here, although the ALJ claimed that Plaintiff's RFC assessment was

9  "supported by all the evidence of the record," the ALJ was incorrect. Tr. 23. In

10  fact, the ALJ failed to consider medical evidence regarding Plaintiff's physical

11  limitations. First, treating physician's assistant, Bill Lawson, PA-C, submitted two

12  Physical Evaluations on July 24, 2006 and April 10, 2007, in which he opined that

13  Plaintiff was limited to sedentary work. Tr. 408-11, 497-11. Mr. Lawson diagnosed

14  Plaintiff with upper extremity pain and paresthesias. Tr. 410. 500. He opined that

15  Plaintiff would have the following physical restrictions: climbing, handling,

16  pulling, pushing, and reaching overhead. *Id.* Mr. Lawson determined Plaintiff's

17  marked limitations were sufficiently severe and would last in duration "at least 12

18  months." Tr. 410-11, 500-01.

19    Moreover, the ALJ failed to assess examining physician Robert Bray's,

20  M.D., assessment on December 3, 2005, that Plaintiff's should be limited to light

21  work. Tr. 360-63. Dr. Bray opined that Plaintiff should lift and carry no more than

22  10 pounds frequently and 20 pounds occasionally. Tr. 363. Dr. Bray then added the

23  following exertional limitations:

24    [I]t would not be reasonable for her to place any weightbearing on her
25    hands due to the complaint post-carpal tunnel surgery. Otherwise,
     there are no other postural limitations. She has no manipulative
26    limitations other than it would be anticipated that in folks that have
27    had carpal tunnel syndrome diagnosed previously vibratory tools and
     repetitive hand motions without breaks would be problematic.

28  **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 16**

Tr. 363.

In determining a claimant's RFC, an ALJ must assess all the evidence –
including the claimant's and others' descriptions of limitation, and medical reports
to determine what capacity the claimant has for work despite his or her
impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). Thus, the Court concludes
it was legal error to make step four findings without considering all probative
evidence in the entire medical record. 20 C.F.R. §§ 416.927, .945; *SSR* 96-8P.

Moreover, based on the record before the Court, it cannot be "confidently
concluded" that the outcome of the former proceedings would be unchanged, as the
ALJ's failure to consider all limitations supported by the record when assessing
Plaintiff's ability to perform and sustain work was prejudicial to Plaintiff and is not
harmless error. *See Stout*, 454 F.3d at 1056.

## C.    The ALJ Erred in Relying upon the Grids at Step Five

Plaintiff next contends the ALJ should have called a vocational expert
("VE") to testify at the hearing because she had non-exertional limitations that
precluded reliance on the Medical-Vocational Guidelines (hereafter the "grids").
ECF No. 17 at 18-20. Defendant responds that the ALJ was not required to call a
VE because he found Plaintiff capable of performing her past relevant work at step
four. ECF No. 22 at 17.

The grids present a short-hand method for determining the availability and
numbers of suitable jobs for claimants, addressing factors relevant to a claimant's
ability to work, such as age, education, and work experience. *See* 20 C.F.R. pt.
404, Subpt. P, App. 2. Their purpose is to streamline the administrative process
and encourage uniform treatment of claims. *Tackett v. Apfel*, 180 F.3d 1094, 1101
(9th Cir. 1999). An ALJ may rely on the grids to meet his burden at step five.
*Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). "They may be used,

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 17**

1  however, 'only when the grids accurately and completely describe the claimant's

2  abilities and limitations.' " *Id.* (quoting *Jones v. Heckler,* 760 F.2d 993, 998 (9th

3  Cir. 1985)). "When a claimant's non-exertional limitations are 'sufficiently severe'

4  so as not to significantly limit the range of work permitted by the claimant's

5  exertional limitations, the grids are inapplicable[ ]" and the testimony of a

6  vocational expert is required. *Id.* (quoting *Desrosiers v. Sec'y of Health & Human*

7  *Servs.,* 846 F.2d 573, 577 (9th Cir. 1988)); *accord Hoopai v. Astrue,* 499 F.3d

8  1071, 1076 (9th Cir. 2007) ("[A]n ALJ is required to seek the assistance of a

9  vocational expert when the non-exertional limitations are at a sufficient level of

10 severity such as to make the grids inapplicable to the particular case.").

11    Here, the ALJ did not use a vocational expert and, instead, relied solely on

12 the grids to perform his step five evaluation. The ALJ determined that Plaintiff's

13 non-exertional social interaction limitations would have little or no effect on the

14 overall occupational base of unskilled work at all exertional levels. Tr. 24.

15 Therefore, he deemed a finding of "not disabled" was appropriate under the grids.

16 *Id.*

17    However, the Court has already determined the ALJ erred at step 4, as set

18 forth above. Thus, his alternative finding at step 5 in relying upon the grids was

19 also legal error. The Court further notes that Plaintiff's non-exertional mental

20 limitations regarding social functioning, as assessed by Dr. Moore, were

21 sufficiently severe to prevent reliance upon the grids. *See, e.g.*, Tr. 791-93. Thus,

22 the ALJ committed legal error, as he was required to take VE testimony at step

23 five. Because the Court finds the ALJ's alternative findings at step five, and his

24 reliance on the grids was improper; his decision is reversed on this basis as well.

25 On remand the ALJ shall hear the testimony of a vocational expert to determine the

26 type of work, if any, that Plaintiff is capable of performing.

27 ///

28 **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND**
**DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 18**

**D.   Remand**

Where an ALJ's determination is not supported by substantial evidence or is tainted by legal error, the Court may remand a case for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004). Here, enhancement of the record is necessary to resolve outstanding issues at steps four, and possibly five that must be remedied before a determination of disability can be made. The Court cannot make findings regarding Plaintiff's mental impairments or limitations, in combination with her physical limitations, if any. Further, additional vocational expert testimony will be required at step four and possibly step five to determine if there is work Plaintiff can perform with limitations supported by the record.

### VIII.  Conclusion

Based on the foregoing, the Court finds the Commissioner's decision is not free of legal error or supported by substantial evidence. Therefore, the case is reversed and remanded to the Commissioner for further proceedings not inconsistent with the Court's instructions noted above.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16 is **GRANTED.**

2.  Defendant's Motion for Summary Judgment, ECF No. 21 is **DENIED.**

3.  The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

///

///

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 19**

1    4. An application for attorney's fees may be filed by separate motion.

2    **IT IS SO ORDERED.** The District Court Executive is directed to enter this

3    Order, forward copies to counsel and **close the file**.

4    **DATED** this 31st day of October, 2013.

5

6                              *s/Robert H. Whaley*
                              ROBERT H. WHALEY
7                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND**
      **DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 20**